IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GO PRO CONSTRUCTION, LLC, | |
| Plaintiff, | Civil Action No. 1:22-cv-01643-RCL |
| v. | |
| VALSTS NEKUSTAMIE IPASUMI, | |
| Defendant. | |

**JOINT REPORT REGARDING DISCOVERY PLAN AND SCHEDULING ORDER**

Per the Court's July 22 and August 19 Orders (ECF 7, 10), and in accordance with Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), Go Pro Construction, LLC ("Go Pro") and Valsts Nekustamie Ipasumi ("VNI") (collectively, "Parties") submit this written report outlining the Parties' discovery plan and proposed scheduling order.[1]

**DISCOVERY PLAN**

(A) <u>what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made</u>

The Parties stipulate that they will provide initial disclosures on October 30, 2022. The Parties do not require any changes to the form or requirements of those disclosures.

(B) <u>the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues</u>

The Parties anticipate general discovery into the allegations made in Go Pro's Complaint and VNI's Counterclaim. At the moment, the Parties are not aware of any limitations that should be put on discovery besides those imposed by the applicable rules. The Parties plan to conduct

---

[1] The Parties met virtually on August 2, 2022, to discuss this discovery plan and the various issues identified in Local Civil Rule 16.3.

discovery in two phases: fact discovery and expert discovery. Starting from the date of initial disclosures, the parties expect to complete fact discovery in six months and expert discovery in ten months.

> (C) <u>any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced</u>

While both Parties possess electronically stored information ("ESI") relevant to this case, the Parties do not anticipate any unusual issues related to its production. The Parties will agree to an ESI production protocol to ensure that documents are produced appropriately.

Both Parties may have responsive documents that are not in English. Accordingly, the Parties have built time into the schedule to address translation issues that may affect discovery. The Parties will work to resolve any translation-related discovery issues if and when they arise.

> (D) <u>any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>

The Parties do not anticipate any issues related to privilege/work-product claims. The Parties will agree to procedures to assert and address these claims if they arise.

> (E) <u>what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed</u>

The Parties do not seek any modification to the limitations imposed on discovery by the Federal Rules of Civil Procedure or this Court's local rules. In the unlikely event that the Parties require discovery beyond the limits imposed by those rules, the Parties will negotiate regarding reasonable extensions.

> (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

Per Rule 26(c), the Parties plan to request entry of a protective order to protect confidential/sensitive documents from unnecessary disclosure. The Parties do not request entry of any other orders at this time.

## PROPOSED SCHEDULING ORDER

An agreed proposed scheduling order is attached as an exhibit to this discovery plan.

DATED: September 20, 2022

Respectfully submitted,

　/s/ Roderick R. Barnes
Roderick R. Barnes (Bar ID: MD0158)
Rollins, Smalkin, Richards & Mackie, L.L.C.
300 E. Lombard Street, Suite 900
Baltimore, MD 21202
P: (410) 727-2443
F: (410) 727-8390
rbarnes@rsrm.com
*Attorneys for Plaintiff Go Pro Construction, LLC*


　/s/ Bret C. Marfut
Bret C. Marfut (DC Bar #888144675)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004-1454
P: (202) 463-2400
F: (202) 828-5393
bmarfut@seyfarth.com
*Attorneys for Defendant Valsts Nekustamie Ipasumi*