IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GO PRO CONSTRUCTION, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> VALSTS NEKUSTAMIE IPASUMI, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 1:22-cv-01643-RCL |

## **VALSTS NEKUSTAMIE IPASUMI'S MOTION FOR SANCTIONS**

Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi ("VNI"), by its undersigned counsel, and pursuant to Fed R. Civ. P. 37(b), hereby moves for sanctions against Plaintiff/Counter-Defendant Go Pro Construction, LLC ("Go Pro"). In support of this Motion, VNI states as follows:

1. This case arises from a construction project to renovate a residential house for the embassy of the Republic of Latvia, located at 2304 Massachusetts Avenue, NW, Washington, DC 20008 (the "Project").

2. On June 20, 2023, VNI filed its motion to compel to secure fuller if not full and complete responses to some of its interrogatories and document requests. *See* ECF 19.

3. On August 21, 2023, this Court entered an order granting VNI's motion in part, ordering Go Pro supplement its response to Interrogatory No. 19 and conduct an additional search for documents responsive to Document Requests No. 18, 23, 24, 25, 26, 27, and 30. *See* ECF 23. The Court stated that in the event that the additional search makes clear that Go Pro wrongfully withheld documents, the Court would order Go Pro to pay VNI's attorneys' fees incurred not only in litigation the present motion, but taking the deposition of Go Pro's corporate designee. Furthermore, the Court ordered Go Pro to certify to the Court upon the completion of discovery that it conducted a thorough search for documents responsive to Document Requests No. 18, 23,

24, 25, 26, 27, and 30, and that no responsive documents existed beyond those disclosed to VNI.

4. On September 14, 2023, the parties submitted their joint status report addressing discovery pursuant to the Modified Scheduling Order issued on March 24, 2023. Therein, Go Pro provided that it expected to complete its review of any documents as required under the Court's August 21, 2023 Order by September 22, 2023 (with the requested VNI depositions to be taken by October 31, 2023) and that Go Pro would submit "additional documents, if any, and the requested Certification at that time." *See* ECF 24.

5. To date, Go Pro has failed to produce any additional documents, nor has Go Pro submitted the Certification as required by the Court's August 21, 2023 Order.

6. As such, VNI now moves this Court to enter sanctions against Go Pro pursuant to Fed. R. Civ. P. 37(b) for Go Pro's failure to comply with the rules of discovery and this Court's August 21, 2023 Order. Rule 37(b) provides that if a party fails to obey an order to provide discovery, the Court may issue further just orders. These include (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; or (v) dismissing the action or proceeding in whole or in part. *See* Fed. R. Civ. P. 37(b)(2).

7. This matter hinges on a determination by the Court regarding the value of the work performed by Go Pro prior to the termination of the contract between the parties.[1] To date, however, Go Pro has failed to produce any documentation regarding its cost records. As the Court noted in its Order, "[i]t strains credibility to think that Go Pro conveniently neglected to keep such

---

[1] As the Court properly noted, "[a]djudication of VNI's counterclaim for breach of contract would require calculation of the value of actual work Go Pro performed on the Project, and Go Pro has provided virtually no documentation that would enable that calculation." ECF 23 at p. 8.

records for this particular Project." ECF 23 at p. 7.

8. By failing to either produce documentation that reflects the job costs incurred by Go Pro during the Project or otherwise certify that such documentation does not exist,[2] Go Pro has unfairly prejudiced VNI in both the preparation of its defense of the claims brought by Go Pro's and its pursual of affirmative claims against Go Pro.

9. Accordingly, VNI requests that this Court dismiss Go Pro's claims against it for Go Pro's failure to comply with the rules of discovery and this Court's August 21, 2023 Order. Further, VNI requests that this Court prohibit Go Pro from opposing VNI's claims against it relating to Go Pro's job costs and from introducing any evidence as it relates to costs incurred by Go Pro on the Project.

10. Further, pursuant to the Court's August 21, 2023 Order, VNI requests an award of costs and expenses, including attorneys' fees, incurred in the filing of its motion to compel under Fed. R. Civ. P. 37(a)(5) and this motion under Fed. R. Civ. P. 37(b)(2)(C). Supporting documentation of VNI's costs and attorney's fees will be produced upon the Court's ruling on this Motion.

## STATEMENT OF GROUND AND AUTHORITIES

VNI relies upon Go Pro's obligation to timely produce discovery responses in accordance with Fed. R. Civ. P. 33 and 34. VNI relies on Fed. R. Civ. P. 37(b) for the filing of the motion for sanctions and the request for an award of costs and expenses, including attorneys' fees. The Court

---

[2] If such documentation no longer exists despite the testimony of Go Pro's corporate designee, Sameh Elrahimy, Go Pro's claims should be dismissed due to spoliation. *See Shephard v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1481 (D.C. App. 1995) (A party has "an obligation to preserve and also not alter documents it kn[ows] or reasonably should have known were relevant to the [present] litigation if it kn[ows] the destruction or alteration of those documents would prejudice the [opposing party]."); *see also Clarke v. Washington Metro. Area Transit Auth.*, 904 F.Supp.2d 11, 20 (D.D.C.2012) *aff'd,* 540 Fed.Appx. 3 (D.C.Cir.2013) *(*"A party that fails to preserve evidence runs the risk of being justly accused of spoliation—defined as the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation—and find itself the subject of sanctions.").

may impose sanctions if the moving party demonstrates "(1) that there is a discovery order in place, and (2) that the discovery order was violated. *Coltrane v. Wilkins*, 340 F.R.D. 476, 480 (D.D.C. 2022). District courts have broad discretion to issue discovery sanctions under Rule 37, and the Court need not exhaust lesser sanction if the circumstances merit a dismissal of all or part of an action. *Id.* at 480-81 (citing *Webb. v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)). Moreover, "[i]nstead of or in addition to the[se] orders," the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey the Court's discovery orders, unless the Court determines that the party's failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The interrogatories and document requests set forth in VNI's motion to compel undeniably seek relevant and material information and documents that are plainly discoverable under the Federal Rules of Civil Procedure. Specifically, Go Pro's financial and job cost information and documents are critical to the resolution of both the Complaint and the Counterclaim. Go Pro cannot avoid is discovery obligation by creating a document – for purposes of litigation – to "support" the cost of the work performed. A commercial construction company – like Go Pro – undeniably accounts for its job costs in any number of ways, including job cost accounting software, payroll, invoices, receipts, payments, etc. Go Pro is either refusing to produce this information or it has spoliated the information and documents.

Here, VNI attempted to confer with Go Pro's counsel on multiple occasions to resolve this discovery dispute. However, Go Pro has not provided critical information and has failed to produce several categories of responsive documents despite this Court's August 21, 2023 Order, all of which necessary for VNI to prepare its claims and defenses. It has been forty-three (43) days

since the Court entered its Order and eleven (11) days since Go Pro represented to the Court that it would complete its compliance with the Order, yet Go Pro continues its refusal to comply with its discovery obligations and this Court's Order.  As such, VNI is entitled to an Order for sanctions against Go Pro.

ACCORDINGLY, for the foregoing reasons, VNI respectfully requests that the Court grant its Motion for Sanctions and enter an Order dismissing Go Pro's affirmative claims against VNI, prohibiting Go Pro from opposing VNI's claims against it relating to Go Pro's job costs and from introducing any evidence as it relates to costs incurred by Go Pro on the Project, and to pay VNI its reasonable attorneys' fees and costs incurred in filing its motion to compel and this Motion.

DATED:  October 3, 2023                                   Respectfully submitted,

*/s/ Michael S. Schollaert*
Michael S. Schollaert (Bar ID: MD0054)
Zachary S. Gilreath (Bar ID: MDMD0137)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
T: (410) 862-1135
E: mschollaert@bakerdonelson.com /
zgilreath@bakerdonelson.com

*Counsel for Valsts Nekustamie Ipasumi*

## **CERTIFICATE OF SERVICE**

I certify that on this 3rd day of October 2023, a copy of Defendant/Counter-Plaintiff's Motion for Sanctions was served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael S. Schollaert*
Michael S. Schollaert (Bar ID: MD0054)
