IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GO PRO CONSTRUCTION, LLC, <br><br>    Plaintiff/Counter-Defendant, <br><br> v. <br><br> VALSTS NEKUSTAMIE IPASUMI, <br><br>    Defendant/Counter-Plaintiff. | Civil Action No. 1:22-cv-01643-RCL |

**VALSTS NEKUSTAMIE IPASUMI'S PETITION FOR ATTORNEY'S FEES, STATEMENT OF COSTS & PROPOSED SANCTIONS**

Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi ("VNI"), by its undersigned counsel, in accordance with this Court's January 31, 2024 Order, hereby petitions this Court for entry of attorney's fees and submits its Statement of Costs and Proposed Sanctions and, in further support thereof, states:

1.   On June 20, 2023, VNI filed its Motion to Compel seeking full and complete responses to certain of its interrogatories and document requests propounded on Plaintiff/Counter-Defendant Go Pro Construction, LLC on February 22, 2023 – almost four months earlier. *See* ECF 19. A response to the Motion to Compel was filed by Go Pro, which was followed by VNI's reply. *See* ECF 22.

2.   On August 21, 2023, this Court entered a Memorandum Order ("the August 21st Order") granting VNI's Motion to Compel in part, ordering that Go Pro supplement its response to Interrogatory No. 19 and conduct an additional search for documents responsive to Document Requests No. 18, 23, 24, 25, 26, 27, and 30. *See* ECF 23. At the conclusion of Go Pro's search, it was required to submit to certify to the Court that no additional responsive documents exist beyond those produced to VNI. *Id.* The Order further provides:

   In the event that the additional search and/or deposition make clear that Go Pro

> wrongfully withheld documents, the Court will order Go Pro to pay VNI's attorney's fees incurred not only in litigating the present motion, but in taking the deposition.

*See id.* at p. 11.  The Court instructed Go Pro to make available for deposition the individual who conducted the additional search to testify as to the search's scope and results.  *Id.*

3. On September 14, 2023, the parties submitted their joint status report addressing discovery pursuant to the Modified Scheduling Order issued on March 24, 2023.  Therein, Go Pro stated that it intended to complete its review of any documents as required under the August 21st Order by September 22, 2023 (with the requested VNI depositions to be taken by October 31, 2023) and that Go Pro would submit "additional documents, if any, and the requested Certification at that time."  *See* ECF 24.  Go Pro, however, failed to produce supplemental documents or the required certification by September 22, 2023.

4. Due to Go Pro's failure to produce any either additional documents or the certification as required by the August 21st Order, VNI submitted its Motion for Sanctions on October 4, 2023.  *See* ECF 26.  Go Pro did not file a timely Opposition.  On November 9, 2023, this Court entered an Order to Show Cause ("the November 9th Order") ordering, in part, that Go Pro's response certify its compliance with the Court's August 21, 2023 Order.  *See* ECF 27.  Specifically, the Court noted that Go Pro's response must certify its compliance "to avoid a default judgment[.]"  *Id.* at p. 3.  Both parties filed responsive pleadings to the Order to Show Cause, and a hearing was set before the Court on December 15, 2023.

5. At the December 15, 2023 hearing, the Court addressed Go Pro's failure to submit its certification as required by both the August 21st and November 9th Orders.  Accordingly, the Court issued a third order ("the December 15th Order") requiring Go Pro to submit its certification no later than January 9, 2024.  The December 15th Order also required that Go Pro

present for deposition the individual who conducted the additional search no later than January 30, 2024. A reset hearing on VNI's Motion for Sanctions was scheduled for January 31, 2024.

6. At the January 31, 2024 hearing, VNI asserted that, while Go Pro had submitted a certification to the Court on January 8, 2024, the deposition testimony[1] of Sameh Elrahimy on January 29, 2024 indicated that Go Pro's certification was inaccurate and that Go Pro had not fully abided by the August 21st Order.

7. Additionally, VNI highlighted that Go Pro had produced additional documentation located after the August 21st Order, which provides that the Court would order Go Pro "to pay VNI's attorney's fees incurred not only in litigating the present motion, but in taking the deposition" of Go Pro's corporate designee on July 6, 2023 "in the event that the additional search and/or deposition make clear that Go Pro wrongfully withheld documents." *See* ECF 23 at p. 11.

8. At the conclusion of the hearing, the Court granted VNI's Motion for Sanctions. The Court subsequently requested that VNI submit its statement of costs and attorney's fees to the Court and provide its proposed sanctions against Go Pro within ten (10) days.

### VNI's Petition for Attorneys' Fees and Statement of Costs

9. In accordance with the Court's January 31, 2024 order and Fed. R. Civ. P. 37(b)(2)(C), VNI petitions the Court for the entry of an order awarding VNI its costs and attorneys' fees in the amount of $35,153.27,[2] which is supported by the Affidavits of Attorneys'

---

[1] A copy of Mr. Elharimy's January 29, 2024 deposition testimony is being produced as **Exhibit A** pursuant to the Court's January 31, 2024 Order.

[2] The fees relating to TGS Baltic have been converted from euros to U.S. dollars at a rate of 1.0772 as provided by the European Central Bank as of February 9, 2024.

Fees and Verified Statement,[3] attached as **Exhibit B** and **Exhibit C** and incorporated herein by reference.

10. In further support of its request, VNI states that the amounts requested in **Exhibit B** and **Exhibit C** include only time specifically devoted to VNI's June 20, 2023 Motion to Compel and related pleadings; VNI's October 3, 2023 Motion for Sanctions, related pleadings, and oral argument; the July 6, 2023 deposition of Go Pro's corporate designee, Sameh Elrahimy; and the January 29, 2024 deposition of Mr. Elrahimy.

11. The attorneys' fees incurred by VNI were the direct result of Go Pro's failures to abide by its discovery obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the August 21st Order, the November 9th Order, and the December 15th Order.

**VNI's Proposed Sanctions**

12. In its Motion for Sanctions, VNI requests that the Court dismiss Go Pro's claims against VNI for its failure to abide by the August 21st Order. *See* ECF 26. Further, VNI requests that Go Pro be prohibited from opposing the findings and opinions of VNI's expert witness, Neil Sinclair, on actual costs incurred by Go Pro on the Project and that Go Pro be prohibited from introducing any evidence as it relates to costs incurred by it on the Project. *Id.*

13. As is stated in the November 9th Order, the Court has the authority under Federal Rule of Civil Procedure 37 to impose such sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A). These sanctions "must be available to the district court in appropriate cases" for the sake of specific and general deterrence." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). At the time of the November 9th Order, however, the Court refrained from imposing the sanctions sought by VNI and instead ordered that Go Pro certify its compliance with the Court's

---

[3] The hourly rates of undersigned and TGS Baltic counsel are both fair and reasonable under the Fitzpatrick Matrix. *See* The Fitzpatrick Matrix, U.S. Attorney's Office for the District of Columbia, Civil Division (https://www.justice.gov/usao-dc/page/file/1504361/dl?inline).

August 21st Order "to avoid a default judgment." *See* ECF 27 at p. 3.

14.  As is apparent from the deposition testimony of Sameh Elrahimy on January 29, 2024, however, Go Pro remains noncompliant. Mr. Elrahimy testified that Go Pro did not conduct a search for certain documents that may include discoverable information prior to submitting its certification to the Court on January 8, 2024. Namely, Mr. Elrahimy testified that he had not reviewed Go Pro's bank account or credit card statements to determine if they included additional costs incurred, or payments made, by Go Pro relating to the Project.[4] *See* **Exhibit A**, p. 19-20 (Go Pro did not recall reviewing its Capital One bank statements to assess whether they showed any costs incurred relating to the Project); p. 23 (Go Pro may have paid Raouf Elrahimy for his services relating to the Project through its Capital One bank account); p. 48-49 (Bank records would indicate whether subcontractors were reimbursed for costs relating to the Project); p. 67-68 (Go Pro has not reviewed its credit card statements to confirm that all costs incurred on the Project have been identified). Such records are responsive to the VNI document requests addressed in the August 21st Order and were previously discussed in VNI's Reply in Support of its Motion to Compel on July 13, 2023, nearly seven months ago. *See* ECF 22. Go Pro has flouted not only its discovery obligations under the Federal Rules but multiple Orders from this Court. In light of the Court's November 9th Order and Go Pro's continued non-compliance, default judgment against Go Pro as to VNI's claims against it is proper.

15.  Further, Go Pro is the plaintiff in this matter. Despite this, Go Pro seems ill prepared to produce the evidence in its possession relevant to its claims. It has neglected its discovery obligations for months and failed to adequately review and produce documentation relating to its

---

[4] Additional testimony provided that Go Pro, likewise, had not fully reviewed records relating to man hours spent on the Project. *See* **Exhibit A**, p. 39 (Testimony that Go Pro had not reviewed PayStation records to determine which employees may have been involved with the Project on any given date). Likewise, Mr. Elrahimy testified that Go Pro took no action to ensure the preservation of documents relating to this matter at the time it filed suit on June 8, 2022. *Id.* at p. 92, ll. 4-17.

actual costs incurred on the Project, discovery both relevant to Go Pro's affirmative claims and necessary for VNI to adequate prepare its defense thereto. This, along with Go Pro's failures to abide by the Court's August 21st Order, November 9th Order, and December 15th Order, illustrates Go Pro's callous disregard for its discovery obligations. *See NHL*, 427 U.S. at 640 (discussing that litigation-ending sanctions are proper if the Court concludes the sanctioned party engaged in "callous disregard" of discovery obligations). Accordingly, VNI additionally requests that Go Pro's affirmative claims be dismissed with prejudice.

16. In the event the Court chooses not to implement litigation-ending sanctions – despite Go Pro's callous disregard of its discovery obligations and violation of this Court's Order – VNI alternatively requests that (1) Go Pro be prohibited from introducing any evidence as it relates to costs incurred by it on the Project and (2) Go Pro prohibited from opposing the findings and opinions of VNI's expert witness, Neil Sinclair, on actual costs incurred by Go Pro on the Project.

WHEREFORE, Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi respectfully requests that the Court grant its Motion and Petition For Attorneys' Fees and enter a judgment against Plaintiff/Counter-Defendant Go Pro Construction, LLC, in favor of Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi, for the amount of $35,153.27. Further, Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi respectfully requests that this Court dismiss Plaintiff/Counter-Defendant Go Pro Construction, LLC's affirmative claims with prejudice and enter a default judgment against Plaintiff/Counter-Defendant Go Pro Construction, LLC as to the claims against it.

DATED: February 9, 2024

Respectfully submitted,

*/s/ Michael S. Schollaert*
Michael S. Schollaert (Bar ID: MD0054)
Zachary S. Gilreath (Bar ID: MDMD0137)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
T: (410) 862-1135
E: mschollaert@bakerdonelson.com /
zgilreath@bakerdonelson.com

*Counsel for Valsts Nekustamie Ipasumi*

# CERTIFICATE OF SERVICE

I certify that on this 9th day of February 2024, a copy of Valsts Nekustamie Ipasumi's Petition for Attorney's Fees, Statement of Costs and Proposed Sanctions was served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael S. Schollaert*
Michael S. Schollaert (Bar ID: MD0054)