IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBA

| | |
|---|---|
| **GO PRO CONSTRUCTION, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**VALSTS NEKUSTAMIE IPASUMI**<br><br>Defendant. | Case No. 1:22-cv-01643-RCL |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR ATTORNEY'S FEES, STATEMENT OF COSTS & PROPOSED SANCTIONS**

Plaintiff, Go Pro Construction, LLC, by its undersigned counsel, hereby submits this Response to Defendant's Petition for Attorney's Fees, Statement of Costs & Proposed Sanctions pursuant to this Court's paperless Order dated January 31, 2024, and states as follows:

1. Plaintiff is a licensed General Contractor who performs construction work for residential dwellings, multifamily properties, commercial properties, and foreign embassies. Plaintiff consulted with the Defendant about the subject project before the solicitation for bids was advertised so that the Defendant would understand the value of the work that they need to have performed. Ultimately the Defendant contracted with the Plaintiff to perform a reduced scope of work in order to meet its budgetary restrictions. Plaintiff terminated its written contract and instituted the subject action seeking payment for work performed at the Latvia Embassy pursuant to their written Contract. Five (5) months after the contract was terminated by Plaintiff for non-payment, the Defendant sought to terminate the Contract for convenience, presumably to limit its exposure to Plaintiff.

2. The Defendant filed a Counterclaim against the Plaintiff seeking the difference in value between the payments made and the "cost of the work performed through the date of termination."

3. There is no dispute that the Plaintiff had commenced the framing scope of work which was the benchmark for payment of the Plaintiff's second invoice. See **Exhibit 1**. There is also no dispute that the Defendant was invoiced for the second scheduled draw payment and refused to pay the same. Thus, the Defendant's failure to pay the second invoice constituted a material breach of the Contract. If the Defendant terminated the Contract for convenience 5 months after the Plaintiff terminated the Contract, as it alleges in its Counterclaim, it would be obligated to pay to the Plaintiff "…for the works actually performed until the termination of the Contract." If, on the other hand, the Plaintiff terminated the Contract as alleged in the Complaint, then it would be entitled to recover "payment for Work executed including reasonable overhead and profit, and costs incurred by reason of such termination."

4. On June 20, 2023 the Defendant filed a Motion to Compel against the Plaintiff contending that Plaintiff had failed to provide a complete answer to 3 of 22 Interrogatories and failed to produce all documents responsive to 8 of 30 Requests for Production of Documents.

5. On July 6, 2023 the Plaintiff's designee submitted to a deposition by the Defendant in this case. During the deposition he was asked whether Plaintiff maintained a bank account. Plaintiff identified two Bank Accounts with Capital One which were 6-7 years old. See Transcript attached hereto as **Exhibit 2** at page 33, lines 1-15.

6. On August 21, 2023, this Court granted the Defendant's Motion to Compel <u>in part</u> and ordered the Plaintiff to review its files again in an attempt to determine whether it possessed documents that are responsive to Request Nos. 18, 23, 24, 25, 26, 27, and 30 (Doc. 23).  To the extent additional documents were not found, the Plaintiff was ordered to make the person who performed the search available for a deposition about the search.  No deadline was imposed on this search although the Plaintiff began immediately to search for additional documents.

7. The Court also directed the Plaintiff to review its records and to supplement its Answer to Interrogatory No. 18, <u>to the extent known to Plaintiff</u>.  No deadline was imposed for this supplementation although the Plaintiff immediately began its search for records to enable it to supplement this Interrogatory Answer.

8. On September 18, 2023, the parties submitted a Joint Status Report (Doc. 25) stating that the Plaintiff had not completed its document review but anticipated doing so by September 22, 2023, and would supplement its discovery thereafter.  <u>No hard and fast deadlines were agreed to by the parties or imposed by the Court for this discovery exchange</u>.  The parties also pointed out that there would be further depositions taking place after the supplementation, if any, occurred.

9. On September 21 and 22, 2023, the Plaintiff completed its document review sent those documents that it located in its computer files, or was able to obtain from Optimum Construction, Inc., to the undersigned to comply with the Court Order to Compel.  In addition, the Plaintiff created a take-off itemizing the costs associated with the reduced scope of work in the parties' contract and a second take-off itemizing the cost associated with performing all the work depicted on the original plans and specifications, and sent

these documents to the undersigned at the same time thereby performing all of its obligations ordered by the Court.

10. On October 3, 2023, the Defendant filed a Motion for Sanctions (Doc.26). Although the paper was electronically filed, the undersigned did not receive a copy in his email in box. Upon receipt of the Court Order dated November 9, 2023, the undersigned searched his inbox and his deleted folders files to see whether the document was received and inadvertently deleted, but it was not located therein either. However, unbeknownst to the undersigned a copy was received and electronically saved by the undersigned's assistant. The undersigned was unaware of this filing and consequently no response was filed.

11. The undersigned reviewed the documents received from the Plaintiff, spoke with the Plaintiff to understand the meaning of same and to ask questions to determine the scope of the investigation. Thereafter, the documents were labeled for production and on November 8, 2023, the undersigned wrote to Defense Counsel to inform him those records had been located by the Plaintiff, explained the source of the records, and then produced 161 pages of additional documents to Defendant, most of which were either created since the Request was filed or came from third-party sources and were not in the Plaintiff's possession. The undersigned did not mention the Defendant's Motion for Sanctions because he was unaware of its filing at that time.

12. On November 9, 2023, this Court issued its Order to Show Cause (Doc. 27). It was at that time that the undersigned became aware that the Defendant had filed a Motion for

Sanctions. Had the undersigned been aware of the Motion for Sanctions, a Response would have been filed.[1]

13. A Show Cause Hearing was conducted on December 15, 2023, after which this Court issued an Order (Doc. 31) directing, inter alia, that the Plaintiff certify by January 9, 2024, that it was in compliance with the Court's August 21, 2023 Order. Plaintiff filed this Certification on January 8, 2024. The Court also Ordered the Defendant to take the deposition of the person who performed the search for additional documents before a Hearing on the issue scheduled for January 31, 2024.

14. Defendant took the deposition of Sameh Elrahimy, one of two people who participated in the search for Plaintiff's documents, on January 29, 2024. During the Deposition of Mr. Elrahimy, he was asked whether he had searched for his Capital One Bank statements or his American Express Card statements for the period when the project was active.[2]

15. At all times the Plaintiff has done what it was Ordered to do by this Court and asked to do by the undersigned. It has always acted in good faith and even obtained responsive records from Optimum Construction which was difficult and time consuming because Optimum is currently tied up in a Bankruptcy proceeding, dozens of MHIC proceedings, and under criminal prosecution for MHIC related violations. Thus, litigation-ending sanctions would be unjust and unfair to the Plaintiff. Moreover, discovery is ongoing

---

[1] The undersigned's office had received the paper and the undersigned is charged with being aware of the papers docketed in every case in which he is counsel of record.

[2] There were no specific Requests for Production of Documents requesting credit card statements or bank records per se. The Defendant contends that these records would have been responsive to Request No. 23 to the extent that they contain evidence of actual costs incurred on the project. This nuance may have escaped the Plaintiff who's native language is Arabic.

    in this case and Plaintiff would have been obligated to continue to search its records and supplement its responses and production when additional information becomes available.

16. Rule 37(b)(2)(A) provides for a series of potential sanctions when it is determined that a party has not obeyed a Court Order. In this case, the Court did not set any deadlines in its Order to Compel by which the Plaintiff was obligated to perform its search and supplement its discovery. The only deadline set forth in the Court Order Compelling additional discovery was the requirement that the Plaintiff certify "upon completion of discovery" that no additional documents exist beyond those produced by the Plaintiff. This Court modified its Order during the December 15, 2023 Hearing and Ordered the Plaintiff to certify to the Court that it had searched for documents responsive to the specified requests by January 9, 2024. The Plaintiff complied with this Order and filed its Certification a day early.

17. The undersigned's inadvertent delay in producing the first supplemental document production and interrogatory supplementation did not prejudice the Defendant's ability to proceed further with the case.[3] As described in the Joint Status Report, the parties anticipated that additional depositions would be conducted following the disclosure. One of the primary witnesses for both sides has yet to be deposed because he suffered a heart attack a few months ago and still has not been medically cleared to participate in a deposition. Each month the witness is examined by his physician, undergoes a series of tests, and reports to the undersigned on whether he is cleared to submit to questions.

---

[3] The delay did not violate any Order issued by this Court because no deadline was ever set by the Court.

In addition, the parties predicted that the anticipated depositions could be completed by October 31, 2023.  The delayed taking of these remaining depositions has nothing to do with the few documents about which the Defendant now complains.  Litigation-ending sanctions are not appropriate.

18. The Defendant has requested that this Court issue litigation ending sanctions based upon its argument that the Plaintiff falsely certified that it complied with the Court's previous Orders.  The basis for this argument is that the Plaintiff testified on January 29, 2024 that it had not yet reviewed its Capital One Bank statements or its American Express Credit Card Statements.  Thus, the Defendant's argument is based upon the documents that that may be fit within the scope of materials encompassed within Request No. 23.  Plaintiff has reviewed these statements and confirmed that the Capital One Bank Statement does not have responsive information.  The only information contained within the Capital One Bank Statement that relates to this project is the deposit entry for the first payment made by the Defenant and its subsequent payment of this amount to Raouf Elrahimy.  This is not information sought in Request No. 23 as it does not relate to "actual costs" of the project.  The American Express Credit Card Statement does demonstrate payments that corroborate expenses already produced to the Defendant and is, therefore, cumulative.  Defendant also demands the production of the payroll records sorted by project.  This involves the creation of a document from the data that was already produced and cannot fairly be said to be a violation of the Court's order.  The Plaintiff has subsequently created such a document from the information previously produced to the Defendant and will produce it to the Defendant.

19. Defendant does not argue that it has been prejudiced in any way by the late disclosure of the last few pages of the Plaintiff's documents.  In the scope of this case, the documents sought are not probative of any issue in this case.  Plaintiff has produced hundreds of pages of documents through discovery in addition to the documents produced in its initial disclosures.  The Defendant mistakenly believes that the "costs incurred" are a measure of damages for either party.  This is demonstrably false. Plaintiff has repeatedly testified that it did not keep records or otherwise calculate the "costs of the work."  There are two witnesses who have the most knowledge about the subject project – neither of which have been deposed yet.  Mr. Raouf Elrahimy who negotiated the transaction with the Defendant and then used Go Pro to perform on this project, and Rihards Nikiforovs, who was his counterpart with the Defendant.  It is patently unfair to attempt to prevail in this case using discovery sanctions against the Plaintiff who by all accounts has very little knowledge about the subject project or the costs incurred thereon.  The overriding policy in the Courts is that cases should be litigated on their merits.  Here, where discovery has not even concluded, the Defendant cannot specify any prejudice it has sustained other than the cost of fees it has incurred pursuing discovery violations on trivial matters of doubtful relevance.

20. In that the Plaintiff timely responded to the Plaintiff's discovery and responded to all Interrogatories and Requests for Production, the Defendant should not receive any fees or costs of filing the original Motion to Compel.  Indeed, it does not appear that the Defendant was the prevailing party on most of the issues raised in the Motion.  At this point the only issue the Defendant has with the Plaintiff's certification pertains to a single document request (#23).  As pointed out above, the two Banks' statements

(Capital One and American Express) either contain no responsive information or is cumulative of the Plaintiff's testimony and previously produced documents.

21. If this Court determines that its Order was violated and that the Plaintiff's certification was willfully inaccurate, then the only sanction that is appropriate, in addition to the costs associated with the Motion for Sanctions and the January 29, 2024 deposition, would be to bar the Plaintiff from using at trial any documents that the Court determines was willfully withheld from the Defendant.

22. Plaintiff requests that a hearing be conducted on the Defendants subject Petition and the Response thereto.

Respectfully submitted,

Date:  February 19, 2024                     /s/ Roderick R. Barnes
                                             Roderick R. Barnes, Esq.  (Bar No. 24795)
                                             Barnes Law, P.A.
                                             417 Dumbarton Road
                                             Baltimore, MD 21212
                                             Ph: (410) 615-911
                                             RBarnes@barneslawpa.com
                                             *Attorneys for Plaintiff Go Pro Construction, LLC*

## REQUEST FOR HEARING

The Plaintiff herein respectfully requests a hearing on the Defendant's Petition for Sanctions.

                                             /s/ Roderick R. Barnes

**CERTIFICATE OF SERVICE**

  I, Roderick R. Barnes, Enquire, do hereby certify that on February 19, 2024, the above paper was served on all counsel of record via the Court's CM/ECF system:

 Michael S. Schollaert, Esquire
 Zachary S. Gilreath, Esquire
 Baker Donelson Bearman Caldwell & Berkowitz, PC
 100 Light Stret, 19th Floor
 Baltimore, MD 21202
 *Attorneys for Defendant/Counter-Plaintiff*

          /s/ Roderick R. Barnes