IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GO PRO CONSTRUCTION, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> VALSTS NEKUSTAMIE IPASUMI, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 1:22-cv-01643-RCL |

## VALSTS NEKUSTAMIE IPASUMI'S MOTION FOR SANCTIONS

Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi ("VNI"), by its undersigned counsel, and pursuant to Fed R. Civ. P. 37(b), hereby moves for additional sanctions against Plaintiff/Counter-Defendant Go Pro Construction, LLC ("Go Pro"). In support of this Motion, VNI states as follows:

1. On April 24, 2024, this Court granted VNI's Motion for Sanctions, granted VNI's Petition for Attorney's Fees, and ordered Go Pro to pay VNI the total of $35,153.27, reflecting VNI's reasonable expenses, including attorney's fees, associated with, among other things, its Motion to Compel [ECF 19], Motion for Sanctions [ECF 26], Petition for Attorney's Fees [ECF 34], the deposition of Go Pro's corporate designee on July 6, 2023, and the deposition of Go Pro's custodian of records on January 29, 2024. *See* ECF 38 (the "Sanctions Order").

2. Payment of $35,152.27 was due on May 24, 2024. *Id.*

3. In response to the Sanctions Order, on May 7, 2023, VNI provided its banking information and wiring instructions to counsel for Go Pro to facilitate payment of the amounts awarded. *See* May 7, 2024 Email, attached as **Exhibit 1**.

4. To date, Go Pro has failed to issue any payment to VNI as required by the Sanctions Order, marking the third time that Go Pro has disregarded instruction from this Court.

5. Go Pro has continually failed to adhere to the Federal Rules of Civil Procedure, the Local Rules, and explicit orders from this Court. Thus far, however, this Court has denied VNI's requests that Go Pro's affirmative claims be dismissed and/or that default judgment be entered against Go Pro as to VNI's counterclaims against, noting that "a more appropriate lesser sanction is available." *See* ECF 38 at 15 (citing *Bonds v. District of Columbia,* 93 F.3d 801, 808-09 (D.C. Cir. 1996)). These lesser sanctions include that Go Pro be prohibited from introducing evidence relating to actual costs Go Pro incurred on the Project and from opposing the findings and opinions of VNI's expert witness, Neil Sinclair, on the actual costs Go Pro incurred on the Project. *Id.* at 17.

6. Go Pro's failure to adhere to the Sanctions Order entitles VNI to additional sanctions. Now, however, no lesser sanctions exist other than to dismiss Go Pro's affirmative claims and enter judgment in favor of VNI. Accordingly, VNI renews its request that this Court dismiss Go Pro's affirmative claims against it, enter default judgment against Go Pro as to VNI's claims for damages totaling $146,470,[1] and award VNI its costs and reasonable attorney's fees associated with the filing of this Motion.

## **STATEMENT OF GROUND AND AUTHORITIES**

VNI relies on Fed. R. Civ. P. 37(b) for the filing of the motion for sanctions and the request for an award of costs and expenses, including attorneys' fees. District courts have broad discretion to issue sanctions under Rule 37, and the Court need not exhaust lesser sanctions if the circumstances merit a dismissal of all or part of an action. *Coltrane v. Wilkins*, 340 F.R.D. 476, 480, 480-81 (D.D.C. 2022) (citing *Webb. v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir.

---

[1] Mr. Sinclair's report finds that the estimated cost of work executed by Go Pro totaled $225,150. *See* Sinclair Report, attached as **Exhibit 2**. After the adjustments noted therein, Mr. Sinclair opines that VNI has overpaid Go Pro by $146,470. *Id.* at ¶ 65. Pursuant to this Court's April 24, 2024, Mr. Sinclair's findings cannot be disputed by Go Pro.

1998)). Moreover, "[i]nstead of or in addition to the[se] orders," the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey the Court's orders, unless the Court determines that the party's failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Go Pro has repeatedly disregarded its obligations under the Federal Rules of Civil Procedure and flouted multiple orders of this Court. At this time, no less drastic sanctions can be awarded.

ACCORDINGLY, for the foregoing reasons, VNI respectfully requests that the Court grant its Motion for Sanctions and enter an Order dismissing Go Pro's affirmative claims against VNI, entering a default judgment against Go Pro in the amount of $146,470 as to the counterclaims brought by VNI, plus the reasonable expenses, including attorney's fees, associated with the filing of this Motion.

DATED: May 28, 2024

Respectfully submitted,

*/s/ Michael S. Schollaert*
Michael S. Schollaert (Bar ID: MD0054)
Zachary S. Gilreath (Bar ID: MD0137)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
T: (410) 862-1135
E: mschollaert@bakerdonelson.com /
zgilreath@bakerdonelson.com

*Counsel for Valsts Nekustamie Ipasumi*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of May 2024, a copy of Defendant/Counter-Plaintiff's Motion for Sanctions was served on all counsel of record via the Court's CM/ECF system.

/s/ Michael S. Schollaert
Michael S. Schollaert (Bar ID: MD0054)