**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GO PRO CONSTRUCTION, LLC, | |
| Plaintiff/Counter-Defendant, | Civil Action No. 1:22-cv-01643-RCL |
| v. | |
| VALSTS NEKUSTAMIE IPASUMI, | |
| Defendant/Counter-Plaintiff. | |

**VALSTS NEKUSTAMIE IPASUMI'S REPLY TO GO PRO CONSTRUCTION, LLC'S
RESPONSE TO MOTION FOR SANCTIONS AND SHOW CAUSE ORDER**

Defendant/Counter-Plaintiff Valsts Nekustamie Ipasumi ("VNI"), by its undersigned counsel and pursuant to this Court's July 2, 2024 Minute Order, hereby replies to the Response to Motion for Sanctions and Show Cause Order (the "Response") filed by Plaintiff/Counter-Defendant Go Pro Construction, LLC ("Go Pro"), stating as follows:

1.      On May 28, 2024, VNI filed its Motion for Sanctions (the "Motion") to address Go Pro's failure to abide by this Court's April 24, 2024 Order (the "Sanctions Award") in which it partially granted VNI's previous Motion for Sanctions, granted VNI's Petition for Attorney's Fees, and ordered Go Pro to pay VNI the total of $35,153.27 by or before May 24, 2024. *See* ECF 41.

2.      Go Pro failed to file a timely response to the Motion and, on June 20, 2024, this Court entered an Order (the "Show Cause Order") requiring that Go Pro file a response to the Motion and show cause as to why Go Pro "should not be held in civil contempt of court and why sanctions should not be granted" for Go Pro's failure to abide by the Sanctions Award. *See* ECF 44.

3.      On July 1, 2024, Go Pro filed its Response to the Motion and the Show Cause Order ("Go Pro's Response"). *See* ECF 45. Therein, Go Pro concedes that VNI has met its burden in showing that Go Pro violated the Court's Sanctions Award by clear and convincing evidence. *Id.*

at 3.  Instead, Go Pro contends that civil contempt is improper because its failure to comply is due to financial inability and that the Court should modify the Sanctions Award to permit Go Pro to pay VNI under an unspecified payment plan.  *Id.*

4.      As Go Pro itself points to in its Response, *Int'l Painters & Allied Trades Indus. Pension Fund* provides that "[o]nce the court determines that the movant has made the above three-part showing, the burden shifts to the defendant to justify the noncompliance by, for example, demonstrating its financial inability to pay the judgment or its good faith attempts to comply." 736 F.Supp.2d at 38. (internal citations omitted).  However, *S.E.C. v. Bilzerian*, 112 F.Supp.2d 12 (D.D.C. 2000) provides that "a party seeking to establish an impossibility defense to a charge of contempt should 'show that [it] has made in 'good faith all reasonable efforts to comply.'" 112 F.Supp.2d at 17 (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).

5.      To justify Go Pro's assertion that it is financially incapable of paying the Sanctions Award to VNI, Go Pro submits a Declaration of Sameh Elrahimy.  Even if this Court were to accept each of the affirmations set forth in the Declaration of Mr. Elrahimy, Go Pro has failed to establish that it made all reasonable efforts to comply.  Importantly, despite proffering to the Court that its gross income exceeded its expenses by $9,981.29 for the period of January 2024 through May of 2024, Go Pro failed to make a single payment to VNI until Wednesday, July 10, 2024, when it paid $2,000 in a last-ditch effort to avoid sanctions.  Based on the limited financial records provided by Go Pro, this payment represents approximately one month of its net monthly income (or one-fifth of its net income for the period of January 2024 through May of 2024).

6.      The Sanctions Award was entered on April 24, 2024.  Go Pro offers no explanation whatsoever why not a single penny of its net income had been paid to VNI until July 10, 2024 or why at least three months of its net income since the Sanctions Award was not paid.  Instead, Go

2

Pro apparently used its income to fund other endeavors.  Since entry of the Sanctions Award, Go Pro has retained new counsel and directed the filing of an untimely opposition to VNI's Motion but only paid a portion of its net income to VNI.  Furthermore, at no point between the issuance of the Sanctions Award and the deadline for Go Pro's to pay VNI $35,153.27 on May 24, 2024, did Go Pro communicate any financial incapabilities to VNI or otherwise attempt to discuss a payment plan with VNI to satisfy the Sanctions Award.

7.      Neither Go Pro's Response nor the Declaration of Sameh Elrahimy identifies any efforts to obtain a loan, credit advance, or other source of funding to pay any portion of the Sanctions Award.  As such, Go Pro has failed to satisfy its burden of demonstrating that it has undertaken all reasonable efforts to comply with the Sanction Award.  *Bilzerian*, 112 F.Supp.2d at 17.  Again, the limited financial information submitted by Go Pro confirms that it did not even pay its net income since issuance of the Sanctions Award.  This alone conclusively establishes that it did not undertake all reasonable efforts to comply with the Sanctions Award.

8.      Accordingly, Go Pro has failed to satisfy its burden to justify its noncompliance with the Court's April 24, 2024 Order, and Go Pro should be found in civil contempt.

9.      As for VNI's request for additional sanctions, Go Pro asserts that VNI's requested relief, specifically that Go Pro's affirmative claims be dismissed with prejudice and that default judgment be entered as to VNI's claims against Go Pro, is punitive and improper.  ECF 45 at 5-6.

10.     This Court has inherent power to impose sanctions for abuse of litigation practices that are undertaken in bad faith. *Young v. Off. of U.S. Sen. Sergeant at Arms*, 217 F.R.D. 61, 65 (D.D.C. 2003) (citing *Shepard v. Am. Broad. Companies, Inc.*, 62 F.R.D. 61, 65 (D.C. Cir. 1995)).  This power can be used to enter sanctions as severe as default judgment when the errant party's conduct has interfered with the other party's ability to present their case, when the court has

experienced an "intolerable burden" due to having to modify their operations to accommodate the delay, or when there is a need to sanction "conduct that is disrespectful to the court and to deter similar misconduct in the future." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (citing *Shea v. Donohoe Construction Company*, 795 F.2d 1071, 1074-77 (D.C. Cir. 1986); *Freeman v. Giuliani*, 691 F. Supp. 3d 32. 65 (D.D.C. 2023) (entering default judgment as a sanction for ignoring court orders in bad faith by repeatedly disregarding discovery obligations and failing to make any efforts to company with court orders, despite multiple extensions).

11.     In this case, the Court has granted Go Pro with every opportunity to avoid imposition of the requested sanctions by demonstrating a good faith effort to abide by the Court's orders and continue its claim against VNI and/or its defense of the claims asserted by VNI. However, Go Pro's continued failures mandate the imposition of no lesser sanctions than those requested by VNI. It would be unfair and inequitable to force VNI to continue to incur attorneys' fees and costs defending against Go Pro's claims when Go Pro has repeatedly disregarded Orders of this Court, including the Sanctions Award.

12.     This Court has previously recognized that dismissal is an appropriate sanction when, as is the case here, "less dire alternatives have been explored without success" or "would obviously prove futile." *See* April 24, 2024 Order at 15 (citing *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) (internal citation omitted)).  As such, the only sanctions available to the Court to address Go Pro's continued failures to adhere to this Court's orders, including the Sanctions Award, is to dismiss Go Pro's affirmative claims against VNI, enter default judgment against Go Pro as to VNI's claims for damages totaling $146,470, plus the Sanction Award of $35,153.27, and to further award VNI its costs and reasonable attorney's fees associated with the filing of this Reply.

ACCORDINGLY, for the foregoing reasons, VNI respectfully requests that the Court grant its Motion for Sanctions and enter an Order dismissing Go Pro's affirmative claims against VNI, entering a default judgment against Go Pro in the amount of $146,470 as to the counterclaims brought by VNI, plus the reasonable expenses, including attorney's fees, associated with the filing of this Motion.

DATED:  July 12, 2024                        Respectfully submitted,

                                             */s/ Michael S. Schollaert*
                                             Michael S. Schollaert (Bar ID: MD0054)
                                             Zachary S. Gilreath (Bar ID: MD0137)
                                             BAKER, DONELSON, BEARMAN, CALDWELL
                                             & BERKOWITZ, P.C.
                                             100 Light Street, 19th Floor
                                             Baltimore, MD 21202
                                             T: (410) 862-1135
                                             E: mschollaert@bakerdonelson.com /
                                             zgilreath@bakerdonelson.com
                                             *Counsel for Valsts Nekustamie Ipasumi*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of July 2024, a copy of the foregoing Reply was served on all counsel of record via the Court's CM/ECF system.

                                             */s/ Michael S. Schollaert*
                                             Michael S. Schollaert (Bar ID: MD0054)