UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GO PRO CONSTRUCTION, LLC,

*Plaintiff/Counter-Defendant,*

v.

Case No. 1:22-cv-1643-RCL

VALSTS NEKUSTAMIE IPASUMI,

*Defendant/Counter-Plaintiff.*

## ORDER

On April 24, 2024 the Court issued a Memorandum and Order granting defendant/counter-plaintiff Valsts Nekustamie Ipasumi's motion for sanctions against plaintiff/counter-defendant Go Pro Construction, LLC. ECF No. 38. The Court declined to enter default judgment. Instead, pursuant to Fed. R. Civ. P. 37(b)(2)(C) and the Court's inherent authority, the Court ordered Go Pro within thirty days to pay VNI $35,153.27, reflecting VNI's reasonable expenses including attorney's fees.

On May 28, VNI filed a further motion for sanctions, alleging that Go Pro had violated the Court's April 24, 2024 Order by missing the deadline to issue payment to VNI. ECF No. 41. Go Pro failed to file a timely opposition. The Court then ordered Go Pro to respond to VNI's Motion for Sanctions and show cause why it should not be held in civil contempt of court and why sanctions should not be granted for its failure to comply with the Court's April 24, 2024 Order. ECF No. 44.

Go Pro then responded, stating that it "has every intention of complying with this Court's orders" but that it had "not yet been able to gather sufficient funds to do so." Go Pro Response to Show Cause Order, ECF No. 45. Go Pro concedes that VNI has established that Go Pro has not

1

made the payment clearly required by order of the Court.  However, it blames its noncompliance

on inability and in support provides a declaration of its president Saleh Elrahimy.  *See* Elrahimy

Decl., ECF No. 45-1.  It also argues that it is attempting to comply in good faith because its "silence

prior to this memorandum was a result of retaining new counsel."  Go Pro Response 4–5.  Go Pro

therefore urges the Court to modify its order to permit Go Pro to enter a payment plan.  *Id.* at 3.

Once the movant has made a showing that the alleged contemnor violated a court order,

"the burden shifts to [the alleged contemnor] to produce evidence justifying his noncompliance."

*S.E.C. v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000), *aff'd*, 75 F. App'x 3 (D.C. Cir. 2003).

Parties "may justify [their] failure to comply with a court order by establishing [their] inability to

comply or good faith substantial compliance."  *Commodity Futures Trading Comm'n v. Trade

Exch. Network Ltd.*, 117 F. Supp. 3d 22, 26 (D.D.C. 2015) (Lamberth, J.) (internal quotation and

citations omitted).  "To demonstrate good faith substantial compliance," parties must "show that

they 'took all reasonable steps within [their] power to comply with the court's order.'" *Trade Exch.

Network* (quoting *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d

1007, 1017 (D.C. Cir. 1997)).  Similarly, "a party seeking to establish an impossibility defense to

a charge of contempt should 'show[] that he has made in "good faith all reasonable efforts to

comply."'"  *Bilzerian*, 112 F. Supp. 2d at 17 (quoting *Chairs v. Burgess*, 143 F.3d 1432, 1436

(11th Cir. 1998)).  The alleged contemnor "must substantiate his inability to comply with the

Court's orders categorically and in detail." *Id.* (internal quotation and citation omitted).  Finally, a

party "cannot avoid a finding of contempt merely by showing that he is unable to pay the entire

. . . . judgment at this time" because "[i]nability to comply is only a complete defense if he cannot

pay any of the judgment; otherwise, he must pay what he can." *Id.*

2

In reply to Go Pro, VNI argues that Go Pro has not met its burden to justify its noncompliance, even if one takes Elrahimy's declaration at face value. VNI Reply, ECF No. 46. According to VNI, Go Pro failed to make any payments at all to VNI until two days before it filed it response to the Order to Show Cause, when it sent $2,000. VNI Reply ¶ 5. That is so despite Elrahimy's declaration showing net income of $9,981.28 between January and May of 2024. Elrahimy Decl. 2. VNI also points out that Go Pro never communicated to VNI its concerns about an inability to pay and never raised the possibility of a payment plan before the May 24 deadline. VNI Reply ¶¶ 5–6. Finally, VNI notes that Go Pro did not mention any efforts to secure funding, for instance through a loan. *Id.* ¶ 7.

The Court concludes that Go Pro has not met its burden of establishing either inability to comply or good faith substantial compliance. The Court is not inclined to credit Elrahimy's declaration, as it found that his previous certification of compliance with the Court's August 21, 2023 Order was "willfully false." *Go Pro Constr., LLC v. Valsts Nekustamie Ipasumi*, No. 1:22-CV-1643 (RCL), 2024 WL 1759103, at *4 (D.D.C. Apr. 24, 2024). But even if one accepts the declaration, it shows that Go Pro *does* have the ability to pay at least part of the sanctions order, because it had net income of nearly $10,000 in the period of January to May of this year. Elrahimy Decl. 2. Nonetheless, Go Pro decided not to pay a cent to VNI until it sent $2,000 on the eve of its response to the Order to Show Cause. That recalcitrance also indicates that Go Pro has not taken reasonable steps within its power to comply with the Court's Order, as confirmed by its failure to communicate its concerns with VNI, move for an extension of time, or attempt to secure funding through a loan or other means.

The Court therefore finds that Go Pro does have the present ability to pay at least a portion of the sanctions award and that its inaction amounts to willful disobedience. That said, the Court

3

will deny VNI's request for a default judgment.   Instead, to compensate VNI and further incentivize compliance, the Court will award VNI costs and reasonable attorney's fees relating to its motion for sanctions and reply as well as any efforts to enforce the Court's April 24 Order.

Accordingly, it is hereby

**ORDERED** that defendant/counter-plaintiff VNI's Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that plaintiff/counter-defendant Go Pro is **ADJUDGED** and **DECREED** to be in civil contempt of court for failing to comply with the Court's April 24, 2024 Order; and it is further

**ORDERED** that Go Pro will remain in contempt until it complies with the Court's April 24, 2024 Order by paying VNI $35,153.27 in costs and fees; and it is further

**ORDERED** that Go Pro pay the remaining $33,153.27 forthwith; and it is further

**ORDERED** that within 30 days Go Pro shall submit proof of compliance; and it is further

**ORDERED** that within 30 days VNI shall submit an application for attorney's fees and costs incurred in filing its Motion for Sanctions, filing its Reply, and otherwise attempting to enforce the Court's April 24 Order; and it is further

**ORDERED** that once the Court has received VNI's submission and issues a further order, Go Pro shall pay VNI's attorney's fees and costs incurred from filing the instant motion (ECF No. 41) and reply in support thereof (ECF No. 46) and in attempting to enforce the Court's April 24 Order.

**IT IS SO ORDERED.**

Date:   7-31-24

Royce C. Lamberth
United States District Judge